## Noel, &c. *vs.* Hudson.

ERROR TO THE FRANKLIN CIRCUIT.

Chief Justice Simpson delivered the opinion of the court.

1. By § 145 of the *Code of Practice,* each cause of action, in ordinary petition, should constitute a separate paragraph; but if there be two causes of action stated in one paragraph, and plaintiff prove one, he may recover for that without proving the other. The ob-

jection to uniting the two causes of action in one paragraph should have been made before answer. (See § 140.)

2. If all the counts are good, and one proved, but not as alleged in the others, a general verdict is good. (1 *Stat. Law*, 327.)

3. No objection is available unless it affect the substantial rights of the party. (*Code Prac.* § 178.)

NOEL, &c.
*vs.*
HUDSON.

Hudson filed a petition against three defendants, in which he stated they broke and entered his close, and assaulted, beat, and bruised him.

Case stated, and judgment of the circuit court.

The defendants filed an answer, denying that they were guilty of the breaking and entering of plaintiff's close, and the assaulting, beating, and bruising him, or of any or either of said acts, and stating the plaintiff assaulted them.

A trial was had, and the jury found a verdict, that the defendants were guilty as charged in the petition, and assessed damages against each severally.

A motion for a new trial was made by the defendants and overruled, and a judgment having been rendered against them, they have prosecuted a writ of error.

The testimony introduced upon the trial, proved that the defendants were guilty of the assault and battery on the plaintiff, but did not conduce to prove the breaking of his close.

It is now contended that the verdict of the jury, finding the defendants guilty, "as charged in the petition," is not sustained by the testimony; that it is apparent the jury found the defendants guilty not only of assaulting and beating the plaintiff, but also of breaking his close; that it is impossible to determine what proportion of the damages was assessed for either one of the injuries, and on that account the verdict should have been set aside and a new trial awarded.

The petition contained two causes of action, each of which, according to § 145 of the Code of Practice, should have been distinctly stated in a separate paragraph and numbered. But as both causes of action were stated together, the plaintiff was enabled to maintain his action, by proving either, in the same

1. By § 145 of the *Code of Practice*, each cause of action, in ordinary petition, should constitute a separate paragraph; but if

NOEL, &c.
*vs.*
HUDSON.

there be two causes of action stated in one paragraph, and plaintiff prove one, he may recover for that without proving the other. The objection to uniting the two causes of action in one paragraph should have been made before answer.— (See § 140.)

manner he could have done, if they had been stated separately. His right to a verdict did not depend upon his being able to prove a breach of the close, as it would have done under the former mode of pleading in an action of trespass *quare clausum fregit.* The proceeding by petition authorizes a verdict upon any cause of action contained in it, independently of any other, because one is as much the foundation of the action as the other. Although, therefore, the petition in this case stated the breach of the plaintiff's close and the assault and battery as constituting but one offense, we are of the opinion it contained two causes of action, the proof of either of which gave the plaintiff a right to a verdict. The failure to state each cause of action in a separate paragraph, was a defect in the form of the proceedings which did not affect the substantial rights of the defendants, and not having been objected to before the defense was made, must be deemed to have been waived. (§ 140.)

2. If all the counts are good, and one proved, but not as alleged in the others, a general verdict is good. (1 *Stat. Law,* 327.)

Where a declaration contained several counts, one of which was faulty, and entire damages were given, the verdict was made good by statute. (1 *Stat. Law,* 327.) If all the counts were good, and the cause of action as alleged in some of them was proved, but not as alleged in the others, the plaintiff had a right to a verdict, and a general verdict was good.

3. No objection is available unless it affect the substantial rights of the party. (*Code Prac.* § 178.)

The verdict in this case is substantially a general verdict. It found the defendants guilty as charged in the petition. It does not necessarily imply that the jury found them guilty of all the charges contained in the petition. If they were guilty of either of the offenses, they were guilty as charged in the petition. As there was no evidence that the defendants broke and entered the plaintiff's close, it is obvious from the record, that the jury did not find them guilty of that part of the charge, or assess any part of the damages against them on that account. If there be any objection to the verdict as rendered, it applies only to its form, and the Code of Practice expressly provides, (§ 187,) "that any error or defect in the proceedings

which does not affect the substantial rights of the adverse party, must, in every stage of an action, be disregarded, and no judgment shall be reversed or affected by reason of such error or defect." The objection to the verdict in this case, therefore, is not deemed available.

Wherefore, the judgment is affirmed.

*Reed* and *Morehead,* for plaintiffs ; *Lindsey* and *Hord,* for defendant.